Good morning and may it please the court. I'm Daryl Goldberg and I represent the appellate Jonathan Stephens. Your Honor, this appeal raises one primary issue with three sub-issues and that's whether Mr. Stephens' sentence is prestigiously unreasonable for three reasons that center around the district court's failure to address... I'm sorry, I'm getting feedback on my end, excuse me. It centers around the district court's failure to address his principal non-frivolous arguments and mitigation of his sentence and this court should vacate the judgment and remand for resentencing and when conducting de novo review in this case for any procedural errors, you look at some of the ways which courts can err and one is failing to consider 3553A factors or failing to adequately explain the chosen sentence and both of those things happened in this particular case. So when you focus on the actual reasons given by the district court, your honors cannot have confidence based on this record that there was not procedural error and Mr. Stephens' sentence was procedurally unreasonable because one, the court failed to meaningfully analyze the majority of the 73553A factors other than the seriousness of the offense. The court didn't even mention the term 3553A but two, the court failed to mention much less address his three principal non-frivolous arguments in mitigation of his sentence which included his diminished capacity based on mental health diagnoses, a report from a forensic clinical psychologist and sex offender evaluator attesting to his very low risk of recidivism and three, a policy disagreement with the child pornography guidelines that were announced in Dorvia's second circuit case and its progeny which those were also discussed by a senior United States probation officer who made a sentencing recommendation in this case and that leads to the third sub-issue which is the court failed to explain why the recommendation of an experienced probation officer for a sentence substantially below the advisory guideline range was not sufficient and not greater than necessary and... Mr. Goldberg, there are several interesting issues in this case but that last one about the probation officer recommendation, there are some veteran law clerks in our court who are very able lawyers who provide great recommendations to members of this court about how they ought to handle what we ought to do in particular cases. Should those recommendations be disclosed and addressed in oral argument? Not necessarily but in this particular case it's different because this was... Probation officers work for the court. A lot of places those recommendations aren't even disclosed to counsel. It's simply advice. The PSR is disclosed but if there is a recommendation it goes only to the judge and I'm... you I think referred in one of your briefs to a dearth of case law. I thought there was a pretty clear answer as to why there isn't such a dearth of case law on the subject which is this is treated as no more than advice like a law clerk's advice which may be sound, may not be, the judge may disagree with it but doesn't need to engage with it on the record. Your honor, respectfully I think that the difference in this particular case is that once it's released and once it's relied upon it ought to be addressed just like any other... In what in what sense is it relied upon? You've made that argument brief and I didn't understand it. It's in the in the very first paragraph of the sentencing memorandum the lawyer talks about how Mr. Stephen's sentence should be even lower than a sentence that is already substantially below the advisory guideline range. It logic dictates that if a probation officer whose job function is to give advice to a federal judge, make recommendations to a federal judge and has vast experience with the guidelines and also has a very lengthy rationale or support for this proposed sentence that it ought to be considered. It wouldn't make any sense that a probation officer provides a recommendation if it was meaningless. And he works for the judge counsel. He works for the judge just like a as Judge Hamilton indicated, the law court does. It's not a part of a public indication of anything. But I just can't when when the when the report's released and there it it can obviously form the basis for a judicial determination of the sentence. The rule the rule of procedure rule 32 like it allows for attorneys to comment on probation officers determinations and other matters that can affect the sentence. That's really this this could affect the sentence. And again, it's not enough. And you have the opportunity to comment on it, correct? Yes, but we don't know that it was considered based upon this record. There is zero suggestion at all that the court actually considered the recommendation of this season probation officer when the court let me ask you, Mr. Goldberg, I know when I when I was a brand new district judge, I welcomed recommendations from probation officers who knew a heck of a lot more about the process than I did. After more than 10 years on the district court. I often had a lot more experience than the probation officers giving me advice. Does your argument depend upon the level of the probation officers experience? Not really. I don't know that it does. I just so if I'm if I'm a veteran district judge, and I've got a rookie probation officer giving me advice, I've got to address that in court and explain on the record why I'm rejecting that new officers advice under your theory. Under my theory that a case where it's relied upon principally and it's and it's it's referenced, then it ought to be addressed. Obviously, logic dictates that a more experienced probation officer can probably give a better recommendation. But we're not what we're not saying that in every case the court would have an obligation to explain why it disagrees with a probation officer's recommendation. But when you're slicing, maybe let me ask you about your first two points. And Dr. Travis's report in the diminished capacity defense. I I've got to say I read Judge Guzman's explanation of the sentence as just a resounding rejection of that claim by saying, in essence, this seems to me more like an aggravating circumstance, particularly in light of Mr. Stevens return to collecting child pornography after the police have come and seized his collection, that he can't he apparently can't control this behavior. And it's not clear to me why that's an unreasonable assessment of of of Mr. Stevens's difficulties and mental illness. Your Honor, to address this directly, I think that you're you're guessing here as to whether that's really an astounding rejection of this, because I could see how a district court judge would say, well, the FBI raids your house and then you collect more pornography. So you're at risk to recidivate. But what he did not address, and he did not specifically even reference a twenty six page report from an experienced professional and sex offender evaluator was that he has a low risk of recidivism. And there's an that he is a hoarder and he's treatable. And then this is something that ought to be addressed best outside of prison with treatment to where the doctor Travis address the problem of this recidivism while he was under investigation. Yes, he mentions it, but did he explain it? Yes, I think that he explained I can't pinpoint the exact language, but my my recollection is, is that this autism spectrum disorder leads to hoarding. And what he what we point out in our brief is that he was not told by the FBI that he did something illegal. Maybe he should have a light bulb should have went off. And I thought that his difficult evidence that when excuse me, wasn't there evidence that at the time of the search, the officers testified that were reported that he described this as his deep, dark secret. And maybe I'm that he admitted he understood the wrongness of what he'd been doing. There is definitely reference to a deep, dark secret. I don't know that there was admission of of wrongdoing at the time. And I'd love to continue to answer your question. I see that the doctor's opinion, there is a basis to conclude that there is a reasonable explanation for his behavior that day and his continued culmination of pornography after the search. And whether the judge wanted to reject that, whether he found that the doctor's opinion was was worthless, that that's not clear from the record. And that's the point. There is an act, there is absolutely nothing to suggest that he gave any real consideration to a 26 page report. Just just by saying that he reviewed the party submissions, he didn't specifically reference an exhibit, particularly when something is the grab him in the linchpin of his mitigation here. He's still not required counsel. He said he reviewed the submissions. He's the one that sentence, not the people that provide the advice. Yeah, we were talking about the expert's opinion, Your Honor. But I think you're referring to the probation officer's recommendation. He did not say. I'm talking about the expert. I'm talking about the expert as well. Yeah, it's not clear from the record as that's our position. And what's also important is that he did not suggest that he read the sentencing recommendation of the note. He says he reviewed the pre sentence report and reviewed submissions, but he didn't say that he reviewed the sentencing recommendation, which is separate and apart from a pre sentence report. It comes separate when it is ordered released by the judges. It wasn't this case. Thank you. Thank you. Thank you, Your Honor. Good morning, Your Honors. May it please the court. Janissa Pentang on behalf of the United States of America. The district court committed no procedural error when it sentenced defendant to a low end guideline sentence of 151 months imprisonment. The district court appropriately considered the section 35 53 a factors, including the incredible seriousness of this offense, the defendant's history and characteristics, the defendant's likelihood of recidivism and rehabilitation, as well as general deterrence. As this court has previously concluded, the district court need not explicitly articulate conclusions with respect to every factor. The court must simply give an adequate statement of reasons consistent with section 35 53 a for leaving the sentence it selects is appropriate. And the district court did that here in this case. With respect to the defense mitigation arguments, the district court appropriately addressed each of defendant's arguments in mitigation. With respect to mental health, the record reflects that in the court's discretion, it appropriately treated defendant's mental health as an defendant's conduct and his mental health. Specifically, the court stated that in digesting defendant's statement, it is hard for me to believe that defendant was unable on his own to realize the pure evil of these images. And that speaks to me of an inability that I find hard to comprehend. The court further stated, after the law enforcement arm of the federal government goes into your home and confiscates the material and confiscates your computers, surely then anyone would know that this was not conduct that you can undertake. The district court concluded that if the defendant could not understand the seriousness and consequences of his actions, this factor increased defendant's risk for recidivism and indeed lowered his likelihood for rehabilitation. And the court spoke to that the defendant poses a good risk for rehabilitation, just the opposite. The court noted that Mr. Penting, I'm sorry. I hear you. I'm troubled or at least concerned about the silence with respect to Dr. Travis. And as the defense says, that's really the centerpiece of the mitigation argument presented to the district court. And if I recall correctly, I don't even see mention of Dr. Travis by name or even a reference to his report in the explanation of the sentence or in the court's treatment of the case. That is correct. There is no specific mention of Dr. Travis's name or his report. However, the court need not mention the report by name or the expert by name to respond to its substance or to respond to the report. And here the district court did address the substance of the report and defendant's related arguments. The report was submitted for one purpose, its conclusion that defendant was a low risk for recidivism. And for all the reasons that discussed already that I just mentioned, the court clearly disagreed with this conclusion. The defendant, the district court acknowledged and disagreed with the defendant's argument that since defendant's compulsions were treatable, that he was a lower risk to recidivate. The court did not agree with this correlation. Specifically, the court said, I'm happy for the defendant that he has taken some steps to begin a process that will undoubtedly take a long time and as to which there is no actual certainty of success in attempting to understand himself and his need to take pleasure in the pain and suffering of young children. But it is not at all sufficient in my mind to cause me to wander outside of the guidelines. Mr. Pending, could I ask you one, I guess a related question. Did Judge Guzman ask the question that our case law encourages at the end of the sentencing hearing about whether he had adequately addressed the principal arguments in mitigation? No, your honor. He did not ask that in this case. Do you know? Okay. And can I just do you happen to know whether that's something he routinely does, but just didn't in this case or what? Your honor, I'm not aware of whether routinely or not. And can you tell us about disclosure practices in the Northern District with respect to probation officers recommendations? I hesitate to speak to that generally because I don't want to overstep. But in this case, I can say that the government did ask for the recommendation. In some cases, in my personal experience, the court will on its own include that in its order setting the sentencing date. In other cases, the defense and or the government has asked that the recommendation be disclosed. And I believe in essence, sometimes yes, sometimes no. That is correct in my experience. Okay. Thank you. With regard to the argument regarding the probation's recommendation, as this court has explained, and even recently, probation sentencing recommendation only informs a judge's sentencing decision. They do not bind a judge or otherwise limit the judge's discretion. Accordingly, a district court is free to disagree with probation's recommendation without further explanation. Nonetheless, as discussed here, the record reflects that the district court explained the reasons it wasn't willing to go below the guidelines, implicitly acknowledging, but ultimately disagreeing with the recommendation and arguments for such a sentence. Based on this record, the district court did not commit procedural error. It properly calculated the guidelines range. It appropriately considered the section 3553A factors, and it adequately explained its chosen sentence. Unless the court has further questions for the reasons stated here and in our brief, the government respectfully requests that this court affirm the district court sentence. Thank you, counsel. Thanks to both counsel and the cases taken under advisement.